**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| **INDIANA FARM BUREAU INSURANCE** As Subrogee of Wysong Farms, Inc., <br><br> Plaintiff, <br><br> vs. <br><br> **HOMAN, INC.,** <br><br> Defendant. | Case No.: 1:21-cv-248 |

## NOTICE OF REMOVAL

Defendant Homan, Inc., by counsel, hereby removes the above-entitled civil action from the Circuit Court of Noble County, Indiana to this Court, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, for the following reasons:

1. On June 8, 2021, Plaintiff, Indiana Farm Bureau Insurance, as subrogee of Wysong Farms, Inc., filed a complaint in the Circuit Court of Noble County, Indiana, styled as Indiana Farm Bureau Insurance, as subrogee of Wysong Farms v. Homan, Inc. under Case No.: 57C01-2106-PL-18. The complaint along with the other filings constituting the entire state record to date is attached hereto as Exhibit A and a copy of the chronological case summary is attached hereto as Exhibit B.

2. According to the complaint, Plaintiff, as subrogee of Wysong Farms, Inc., seeks reimbursement of $2,096,775.16 in benefits for damages sustained by Wysong Farms when a swing building partially collapsed on June 26, 2020. Plaintiff has sued Defendant for, among other things, negligence and breach of contract.

1

3. Plaintiff served a summons and copy of the complaint upon Homan, Inc.'s registered agent on June 11, 2021. A copy of the service of summons and receipt thereof is attached hereto as <u>Exhibit C</u>.

4. This action is a civil action in which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332 and is one which may be removed to this Court by Defendant, Homan, Inc., pursuant to the provisions of 28 U.S.C. § 1441(b) in that it is a civil action between citizens domiciled in different states and the preponderance of the evidence shows that the amount in controversy exceeds the sum of $75,000.00, exclusive of interests and costs.

5. This notice of removal is being filed within 30 days after Plaintiff's service of the initial pleading in this matter on Homan and is therefore timely pursuant to 28 U.S.C. § 1446(b).

6. Plaintiff, Indiana Farm Bureau Insurance is an Indiana domestic insurance corporation with a principal place of business in Indianapolis, Indiana. (Ex. A, p. 1, ¶1). Accordingly, Plaintiff is a citizen of Indiana.

7. The federal diversity jurisdiction statute provides that "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The principal place of business is "best read as referring to the place where a corporation's officers direct, control, and coordinator the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

8. Defendant, Homan, Inc. is an Ohio corporation with a principal place of business in Maria Stein, Ohio. (<u>Exhibit D</u>–Affidavit of Eric Homan, ¶¶4-5). While Homan, Inc. has a location in Milroy, Indiana, its principal place of business is Maria Stein, Ohio. (Ex. D, ¶¶6-7). Accordingly, Plaintiff is a citizen of Ohio.

9. Since Plaintiff and Defendant are "citizens" of different states, there is complete diversity of citizenship between the parties within the contemplation of 28 U.S.C. § 1332(a).

10. Under 28 U.S.C. § 1332(a), diversity jurisdiction requires an amount in controversy that exceeds $75,000, exclusive of interest and costs. Pursuant to 28 U.S.C. § 1446(c)(2), when a defendant removes a civil case from state court to federal court based on diversity jurisdiction, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 551 (2014).

11. In its complaint, Plaintiff seeks reimbursement of $2,096,775.16 in damages, "plus pre-judgment interest" and "costs of this action". (Ex. A, p. 3, ¶Prayer for Relief). Accordingly, the amount in controversy exceeds $75,000 exclusive of interest and costs.

12. Because the state court action was filed in Noble County, Indiana, the District Court for the Northern District of Indiana, Fort Wayne Division is the proper venue. *See* 28 U.S.C. §§ 1441(a).

13. On June 28, 2021, a notice of this filing will be filed in the Circuit Court of Noble County, Indiana via the Indiana State Court electronic filing system and will be served upon all known counsel in that case. A copy of that notice is attached hereto as <u>Exhibit E</u>.

WHEREFORE, Homan, Inc., by counsel, respectfully give notices that this civil action is removed to this Court from the Circuit Court of Noble County, Indiana.

Respectfully submitted,

*/s/ Alex M. Beeman*
Alex M. Beeman (31222-49)
Brett T. Clayton (27062-49)
REMINGER CO., LPA
College Park Plaza
8909 Purdue Road, Suite 200
Indianapolis, IN 46268
T: 317-663-8570 / F: 317-228-0943
abeeman@reminger.com
bclayton@reminger.com
*Counsel for Defendant Homan, Inc.*

## CERTIFICATE OF SERVICE

I certify that the foregoing document has been electronically filed using the United States District Court's CM/ECF system on this 28th day of June, 2021 to:

Michelle A. Cobourn-Baurley (27063-49)
McNelly Law LLP
2177 Intelliplex Drive, Suite 202
Shelbyville, IN 46176
Mcobourn-baurley@mcnellylaw.com

*/s/ Alex M. Beeman*
Alex M. Beeman (31222-49)
Brett T. Clayton (27062-49)
REMINGER CO., LPA